UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO ANTON LEE (#21047-001) | DOCKET NO. 15-CV-1074, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Mario Anton Lee, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the United States District Court for the Northern District of Alabama.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

On March 9, 2001, a jury convicted Mr. Lee in the Northern District of Alabama in Criminal Action No. 00-cr-347 on charges of conspiracy to distribute cocaine base, possession with intent to distribute heroin, possession with intent to distribute marijuana, and money laundering. He was sentenced on June 7, 2001, to a total sentence of 105 years of incarceration, to be followed by a 36-month term of supervised release. The judgment was entered on the docket on June 8, 2001. [00-cr-347, N.D.Ala.] On June 20,

2002, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. [00-cr-347, N.D.Ala. Doc. #254]

On September 29, 2003, Mr. Lee filed a motion to vacate pursuant to 28 U.S.C. §2255, which the Northern District of Alabama denied on September 20, 2006. [2:03-cv-8039, N.D.Ala., Doc. #9] On March 19, 2007, the Eleventh Circuit denied a motion for certificate of appealability. [2:03-cv-8039, N.D.Ala., Doc. #25] On May 23, 2007, the Eleventh Circuit denied Mr. Lee's motion for reconsideration of the denial of the motion for certificate of appealability. [[2:03-cv-8039, N.D.Ala., Doc. #17]

On October 11, 2011, the Eleventh Circuit denied Mr. Lee authorization to file a second or successive §2255 motion. [Case 11-14190, 11th Cir.]

On January 8, 2013, Mr. Lee filed in the Northern District of Alabama a motion styled as a "Petition-Application for Relief Pursuant to Federal Civil Rules 60(b)(4)-(6) Procedures" seeking to have set aside based upon extraordinary circumstances the court's September 20, 2006, judgment denying the 28 U.S.C. § 2255 motion to vacate. On January 14, 2013, the Northern District of Alabama entered an order denying the Rule 50(b) motion. On June 28, 2013, the Eleventh Circuit denied a certificate of appealability. The Eleventh Circuit subsequently denied Mr. Lee's motion for reconsideration of the order of June 28, 2013.

On December 11, 2013, the North District of Alabama denied a document Mr. Lee filed styled as a "Petition for and Federal Rule of Criminal Procedure Section 3742(a)(1)." The Northern District of Alabama construed the document liberally as an appeal under 18 U.S.C. §3742, a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and a motion to vacate under 28 U.S.C. § 2255, finding that the Northern District of Alabama lacked jurisdiction to consider the appeal, Rule 35 motion, and §2255 motion, and specifically finding that Mr. Lee did not obtain authorization to file a successive §2255 motion. [1:14-cv-1206, D.Co., Doc.#9]

He filed another §2241 petition in the District of Colorado on April 29, 2014, which was denied and dismissed without prejudice because he failed to demonstrate that the remedy available under §2255 is inadequate or ineffective.

He has filed another petition under §2241 in this Court. He seeks immediate release from custody and $375 million dollars in damages based on claims of "judicial abuse of discretion, prosecutorial misconduct, ineffective assistance of counsel, fundamental miscarriage of justice, and actual legal innocence" as well as cruel and unusual punishment. [Doc. #1,p.7]

### *Law and Analysis*

Petitioner is attempting to collaterally attack his conviction and sentence. As Petitioner is aware, a collateral attack of a conviction or sentence should be raised in a motion to correct,

3

vacate or set aside sentence under 28 U.S.C. §2255. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000).

Title 28 U.S.C. §2241 is generally used by prisoners to attack the *manner* in which a sentence is carried out, or to challenge the prison authorities' determination of the duration of the sentence. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is not challenging the *execution* of his sentence or calculation of his sentence. Instead he complains of errors that allegedly occurred at or prior to sentencing, which should be raised in a §2255 motion.

Petitioner has already filed a 2255 motion, which was adjudicated on the merits. He has been denied authorization to file a successive §2255 motion by the Eleventh Circuit Court of Appeals. Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). <u>Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court</u>. Petitioner has not obtained

4

permission from the appropriate Court of Appeals to file a successive 2255 motion.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a _retroactively applicable Supreme Court decision_; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

5

"[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

Petitioner has not identified a retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him. Petitioner cannot demonstrate that §2255 is inadequate or ineffective, and before proceeding with a successive petition, he must seek permission from the appropriate court of appeals.

To the extent that Petitioner seeks monetary damages, such relief is not available by way of a habeas corpus petition. See Wilkinson v. Dotson, 544 U.S. 74, 91, (2005), citing Muhammad v. Close, 540 U.S. 749 (2004).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be**

considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _8th_ day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE